```
WOLF, PENNELLA & STEVENS, LLP
PAUL DELANO WOLF, Bar No. 78624
ADAM PENNELLA, Bar No. 246260
JAMES R. STEVENS, Bar No. 286646
717 Washington Street, 2nd Floor
Oakland, CA 94607
Tel: (510) 451-4600
Fax: (510) 451-3002

Attorney for Defendant
WILLIAM WISE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR12-111 EMC |
| Plaintiff, | CR12-642 EMC |
| v. | DEFENDANT'S RESTITUTION MEMORANDUM |
| WILLIAM WISE, | |
| Defendant. | |

**INTRODUCTION**

William Wise pled guilty to and was convicted of conspiracy, mail fraud, wire fraud, and money laundering. He was sentenced to 262 months in custody and a hearing was set to determine the amount of restitution owed based on these convictions. The government asserts that Mr. Wise owes $100,410,719.60 to 720 individuals and bases this analysis on a review of the bank records from banks used by Mr. Wise and others to further the fraud underlying this case.

**ARGUMENT**

Restitution can only be ordered as to actual losses to the victim. *See United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998).[1] The Court is responsible for making an independent analysis of the actual restitution owed and should not simply rely on the government's analysis. *See United States v. Najjor*, 255 F.3d 979, 984 (9th Cir. 2001).

In this case, there is no doubt that Mr. Wise owes some significant amount of restitution to the victims. Mr. Wise does not believe he has enough information to determine what that amount of restitution amount should be. As the amount requested by the government is well above the $75 million discussed by probation in his PSR and agreed to as the basis for his Guidelines calculation, there should be legal, and perhaps judicial, inquiry beyond the declaration of a government agent. Additionally, the government's analysis does not appear to take into account mitigation by third parties that may have already accrued to the victims, including tax deductions based on the investment losses that occurred in this case. These mitigations should be taken into account when determining actual loss to the victims. Consequently, Mr. Wise asks this Court in a separate motion to allow undersigned counsel time to conduct an analysis to verify the government's proposed numbers. Beyond that,

---

[1] While Stoddard interpreted the VWPA rather than the MVRA, this Court has held that "the VWPA and the MVRA 'are identical in all important respects, and courts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent." United States v. Peterson, 538 F.3d 1064, 1075 n.6 (9th Cir. 2008) (internal quotation marks omitted).

1  more evidence is needed to determine the actual loss to each of the
2  720 victims as opposed to what they paid the organizations Mr. Wise
3  controlled.
4                              **CONCLUSION**
5     Mr. Wise respectfully requests that no restitution order be
6  entered until the defense has an opportunity to conduct an analysis
7  of the government's request and the government provides more evidence
8  as to any previous mitigation of losses to the victims.
9
10 DATED: July 8, 2015              Respectfully submitted,
11
12                                  ___/s/_____
                                    James R. Stevens
13                                  Paul Delano Wolf
                                    Attorneys for Defendant
14                                  WILLIAM WISE
15
16
17
18
19
20
21
22
23
24
25
26
                                    – 3 –
27
28